RECEIVED

JAN 2 5 2018

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA
BY_____

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**SHREVEPORT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | CRIMINAL NO.: 18-00030-01 |
| | * | |
| | * | 18 U.S.C. §§ 1344, 1343, 2 |
| **VERSUS** | * | 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2) |
| | * | |
| | * | JUDGE HICKS |
| **DAVID D. DEBERARDINIS** | * | MAGISTRATE JUDGE HORNSBY |

<u>INDICTMENT</u>

THE GRAND JURY CHARGES:

<u>COUNTS ONE-FOUR</u>
18 U.S.C. §§ 1343, 2
(Wire Fraud)

**AT ALL TIMES HEREIN RELEVANT:**

**I.    BACKGROUND**

A.    The Defendant, **DAVID D. DEBERARDINIS**, was a Shreveport, Louisiana based executive who operated and managed numerous business entities including but not limited to Financial Resources, LLC, FR III Funding, LLC, FR III Management, and FR IV Funding, LLC.  The Defendant represented himself to be a part of the petroleum industry involved in the sale, trade and transport of fuel.

B.    The Defendant, **DAVID D. DEBERARDINIS**, solicited and caused others to solicit investors who were individuals and financial institutions to provide funds to his businesses in exchange for interest payments and a guaranteed return of their principal.

C.    Citizens National Bank, N.A., Origin Bank (formerly known as Community Trust Bank), and PlainsCapital Bank were federally insured financial institutions as defined in Title 18, United States Code, Section 20.

D.    Citizens National Bank, N.A., Origin Bank, and PlainsCapital Bank, among other financial institutions (collectively the "Lending Institutions") accepted applications and requests for and funded loan applications submitted and caused to be submitted by the Defendant, **DAVID D. DEBERARDINIS**, and in the name of his businesses.

## II.    THE SCHEME AND ARTIFICE TO DEFRAUD

Beginning on or about 2008, and continuing until at least July 2016, the exact dates being uncertain to the Grand Jury, in the Western District of Louisiana and elsewhere, the Defendant, **DAVID D. DEBERARDINIS**, and others known and unknown to the Grand Jury, did knowingly execute and attempt to execute a scheme and artifice to defraud to obtain money and property by means of false and fraudulent pretenses, promises and representations by transmitting and causing to be transmitted in interstate commerce by means of wire communications, certain signs, writings, signals, and sounds, including, facsimiles, emails, and electronic fund transfers to and from investors the Lending Institutions, investors, and prospective investors requesting and receiving funding for capital for Financial Resources, LLC and its affiliates, in violation of Title 18, United States Code, Section 1343.

## III.   THE PURPOSE OF THE SCHEME AND ARTIFICE TO DEFRAUD

The primary purpose of the scheme and artifice to defraud was to obtain money from individual investors and Lending Institutions to which the Defendant was not entitled.

## IV.   MANNER AND MEANS TO ACCOMPLISH THE SCHEME AND ARTIFICE TO DEFRAUD

To accomplish the purpose of the scheme and artifice to defraud, the Defendant, **DAVID D. DEBERARDINIS**, engaged in numerous activities in the Western District of Louisiana and elsewhere.  Such activities included but were not limited to:

A.     The Defendant, **DAVID D. DEBERARDINIS**, created and caused others to create fraudulent documents to facilitate his fraudulent business scheme including the following: contracts (e.g., line tyme agreements, fuel sales agreements, etc.); promissory notes; tolling agreement letters; trading confirmations and in-line production tickets; news articles; and bank statements and checks.

1.     Between February 2016 and April 2016, the Defendant, **DAVID D. DEBERARDINIS**, falsely represented to prospective investors via fake JPMorgan Chase Bank, N.A. CCMP Capital Advisors, LLC bank statements that Financial Resources, LLC had funds on hand as a result of conducting fuel trades thereby increasing investor confidence.

2.     On or about June 3, 2016, the Defendant, **DAVID D. DEBERARDINIS**, presented a fake check that he caused to be created and made payable to Financial Resources, LLC in the amount of $80,000,000 purportedly issued

by the First Tennessee Bank, N.A. which he falsely claimed to investors represented his proceeds from previous fuel sales involving his alleged line tyme lease agreement.

B.     The Defendant, **DAVID D. DEBERARDINIS**, obtained a mailing address in Memphis, Tennessee and distributed documents to investors containing that address, misrepresenting to investors that the address was a legitimate business address for Saiah Global Holdings Ltd.

C.     The Defendant, **DAVID D. DEBERARDINIS**, made repeated false statements and omissions to investors and prospective investors regarding clients, fuel trading agreements and related activities.  Through these false representations, the Defendant obtained over $50,000,000 from investors in the Shreveport, Louisiana area and elsewhere.

D.     The Defendant, **DAVID D. DEBERARDINIS**, used computers, cell phones, and other electronic devices and caused others to use computers, cell phones, and other electronic devices in ways that perpetuated the illusion of legitimate business functions and activities involving the purchase, sale and transport of fuel including but not limited to the following:

1.     Obtaining     internet     web     domains     including www.alonisraelhauk.com, www.aln-is.com, and www.aln-b-is.com;

2.     Utilizing     email     accounts     including jacobleviev@alonisraelhauk.com,                      jamesranspotq@alonisraelhauk.com, jdw@alonisraelhauk.com, shaieven@alonisraelhauk.com, albertsaiah09@gmail.com, and leo@bearmanlaw1.com which he accessed and controlled;

a.      On or about June 7, 2013, the Defendant, **DAVID D. DEBERARDINIS**, caused emails to be sent to investors via albertsaiah09@gmail.com that falsely appeared to be sent by Albert Saiah.  The Defendant told investors that he knew Albert Saiah who was purportedly the father-in-law of the Chairman of the Board of the company that supplied the fuel he claimed to trade and transport.

b.      On or about May 19, 2016, the Defendant, **DAVID D. DEBERARDINIS**, caused emails to be sent to Citizens National Bank, N.A. officers and employees via jamesranspotq@alonisraelhauk.com in order to provide Citizens National Bank, N.A. officers and employees with confirmation of a $5,000,000 note offered as collateral and to facilitate his loan request made in the name of FR III Funding, LLC.  The $5,000,000 note was forged and had no value.

3.      Establishing electronic dropboxes for distribution of fraudulent business information to investors; and

4.      Setting up purported computer trading screens.

E.      The Defendant, **DAVID D. DEBERARDINIS**, would assume false identities and the identities of actual company executives when communicating with investors in order to conceal that his purported contracts and business relationships with third-parties did not exist.

F.      On or about July 18, 2013, the Defendant, **DAVID D. DEBERARDINIS**, while trying to obtain additional investor funds from a New York

based private equity group, disguised himself as an Orthodox Jewish businessman after retaining the services of a professional makeup artist.

    G.    The Defendant, **DAVID D. DEBERARDINIS**, required investors to sign Non-Disclosure/Confidentiality Agreements, which operated to lull investors into conducting minimal due diligence and to control the flow of information.

    H.    The Defendant, **DAVID D. DEBERARDINIS**, falsely represented that he had obtained an International Shippers' License (ISL), which he represented required vetting by the Federal Bureau of Investigation and the Department of Homeland Security, when he then well knew no such license existed.

## V.    THE OFFENSES

    A.    Between April 2014 and July 2015, the Defendant, **DAVID D. DEBERARDINIS**, obtained millions of dollars in funding from PlainsCapital Bank to expand his purported fuel trading business based in part on fraudulent representations regarding purported fuel sales agreements he claimed were legitimate Financial Resources, LLC assets.

    1.    The Defendant and his company FR III Funding, LLC received $17,500,000 from PlainsCapital Bank which was deposited into PlainsCapital Bank Account #xxxxx9505 on or about November 21, 2014.

    2.    The Defendant and his company FR III Funding, LLC received $29,500,000 from PlainsCapital Bank which was deposited into PlainsCapital Bank Account #xxxx9505 on or about June 22, 2015.

B.      On or about each of the dates set forth below, in the Western District of Louisiana and elsewhere, the Defendant, **DAVID D. DEBERARDINIS**, for the purpose of executing and attempting to execute the aforesaid scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, did knowingly cause to be transmitted by means of a wire communication in interstate commerce the writings, signs, signals, pictures, and sounds described below for each count between Dallas, Texas and Shreveport, Louisiana, that is, electronic funds transfers of money from PlainsCapital Bank Account #xxxx9505 to his JPMorgan Chase Bank, N.A. Account #xxxxx6828:

| Count | Date | Amount Electronically Transferred |
|---|---|---|
| 1 | 11/25/2014 | $17,100,000 |
| 2 | 6/23/2015 | $15,089,450 |
| 3 | 6/24/2015 | $3,790,688 |
| 4 | 6/24/2015 | $11,209,312 |

All in violation of Title 18, United States Code, Sections 1343 and 2.  [18 U.S.C. § 1343 and 18 U.S.C. § 2].

## COUNT FIVE
### 18 U.S.C. §§ 1344(1) and (2), 18 U.S.C. § 2
### (Attempted Bank Fraud)

A.      The allegations in Count 1 are incorporated by reference as though fully set forth herein as the scheme and artifice to defraud.

B.     On or about May 12, 2016, in the Western District of Louisiana and elsewhere, the Defendant, **DAVID D. DEBERARDINIS**, knowingly devised and intended to devise and executed and attempted to execute a scheme and artifice to defraud Citizens National Bank, N.A., and to obtain moneys, funds, credits, assets, securities, or other property owned by or under the custody or control of Citizens National Bank, N.A., by means of materially false or fraudulent pretenses, representations, or promises.

C.     It was part of the scheme and artifice to defraud that on or about May 12, 2016, the Defendant, **DAVID D. DEBERARDINIS,** applied for a loan in the name of FR III Funding, LLC in the amount of $4,300,000 based in part on a fraudulent promissory note which falsely stated that the Defendant was owed $5,000,000 and thus represented potential collateral, all in violation of Title 18, United States Code, Sections 1344(1) and (2) and 2.  [18 U.S.C. §§ 1344(1) and (2) and 2.]

<u>FORFEITURE ALLEGATION</u>

A.     The allegations in Counts One through Four of this Indictment are re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 982(a)(2) and 981(a)(1)(C) and Title 28, United States Code, Section 2461(c)

B.     Pursuant to Title 18, United States Code, Sections 982(a)(2) and 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 18, United States Code, Section 1343 set forth in Counts

One through Four of the indictment, the Defendant, **DAVID D. DEBERARDINIS**, shall forfeit to the United States of America any property, real or personal, constituting or derived from proceeds the Defendant obtained directly or indirectly as the result of said violations as set forth in this Indictment.

  C. If any of the property described above, as a result of any act or omission of the Defendant:

   1. cannot be located upon the exercise of due diligence;

   2. has been transferred or sold to, or deposited with, a third party;

   3. has been placed beyond the jurisdiction of the Court;

   4. has been substantially diminished in value; or

   5. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1) and 981(b)(1) and Title 28, United States Code, Section 2461(c).

  All pursuant to 18 U.S.C. §§ 981 and 982, 21 U.S.C. § 853, and 28 U.S.C. § 2461(c).

A TRUE BILL:       ALEXANDER C. VAN HOOK
             United States Attorney

*REDACTED*

GRAND JURY FOREPERSON   By: _____
             CYTHERIA D. JERNIGAN
             MA Bar #657960
             Assistant United States Attorney

CHRISTOPHER J. STOKES
TX Bar #19267600
Special Assistant U.S. Attorney

JOSEPH A. MAGLIOLO
TX Bar #24074634
Special Assistant U.S. Attorney

SETH D. REEG
LA Bar #34184
Assistant U.S. Attorney
300 Fannin Street, Suite 3201
Shreveport, LA  71101
(318) 676-3600 – office
(318) 676-3663 – fax