UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 18-cr-00030-01 |
| VERSUS | CHIEF JUDGE HICKS |
| DAVID D. DEBERARDINIS (01) | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

David deBerardinis has been indicted in connection with allegations that he defrauded investors of millions of dollars. Counts of the indictment include mail fraud, bank fraud, wire fraud, and money laundering.

Counsel for Mr. deBerardinis filed in March 2019 a Motion to Determine Competency (Doc. 66) that was filed under seal with the agreement of the Government. The motion represented that a preliminary report from a physician determined that Mr. deBerardinis may not be mentally competent to assist in his defense or to stand trial. This motion was followed by various memoranda, minutes, and orders related to the competency issue, all of which were also filed under seal. After considering those submissions, the court has decided to direct Mr. deBerardinis (by separate order) to report to a BOP facility for further evaluation of his competency.

The court notified counsel of its intention to make that order public, and it gave them an opportunity to respond. Counsel for Mr. deBerardinis argues that the court should keep the order sealed. He is concerned that the competency matter implicates private

medical records and could prejudice the right to obtain a fair trial due to publicity related to the issue.

The power to seal court records must be used sparingly in light of the public's right to access. The principle of public access to judicial records furthers not only the interests of the outside public, but also the integrity of the judicial system itself. U.S. v. Holy Land Foundation, 624 F.3d 685, 690 (5th Cir. 2010). Public access serves to promote trustworthiness of the judicial process, curb judicial abuses, and provide the public with a more complete understanding of the judicial system, including a better perception of its fairness. Id. In exercising its discretion to seal judicial records, the court must balance the public's right of access against the interests favoring nondisclosure. S.E.C. v. Van Waeyenberghe, 990 F.2d 845, 848 (5th Cir. 1993); Sealing Court Records and Proceedings: A Pocket Guide, p. 17 (FJC 2010).

Motions and other filings related to competency evaluations are not ordinarily sealed in criminal cases in this division. The local media has afforded this case a reasonable amount of attention and coverage, which is understandable given the number of alleged victims in the area, the amounts at issue, and the nature of the alleged crimes. The court is not concerned, however, that filing this order in the record will impair Mr. deBerardinis' right to obtain a fair trial. The voir dire process will determine whether prospective jurors may have been improperly influenced by such coverage. The court often selects juries in cases that have received media attention, and finding suitable jurors is not ordinarily a problem. As for concerns about private medical records, the order will not include such information.

The court finds that the public's right to access outweighs the concerns expressed by Mr. deBerardinis. Accordingly, the order directing him to report for a competency evaluation will not be filed under seal. The parties are advised that the court also contemplates that, prior to any competency hearing (if required), the court will also unseal other filings (Docs. 70-72 and 74-77) that are related to the competency issue. The court does not intend to unseal two of the documents (Docs. 66 and 73) because they include medical records with family history and other details that the accused should be able to keep private to the extent possible. Of course, some of that information may become public anyway if a competency hearing is conducted.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 26th day of July, 2019.

_____
Mark L. Hornsby
U.S. Magistrate Judge