# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> v. <br><br> DAVID D. DEBERARDINIS <br><br> Defendant. | Case No. 5:18-CR-00030-01 <br><br> Chief Judge Hicks <br><br> Magistrate Judge Hornsby |

## REPLY TO GOVERNMENT'S NON-RESPONSE TO MOTION TO SUPPRESS ITEMS SEIZED FROM MR. DEBERARDINIS'S HOME

NOW INTO COURT, through undersigned counsel, comes the defendant, David D. deBerardinis, who respectfully submits this Reply to the Government's Failure to Answer to his Motion to Suppress Items Seized from His Home.

The Government has had over five-hundred and twenty (520) days to respond to Mr. deBerardinis's Motion to Suppress Items Seized from Mr. deBerardinis's Home. *See* Rec. Doc. 51-1, filed on February 1, 2019. Yet, no response has ever come. The Government has been given more than ample time and opportunity by the Court to be heard on this motion but it has chosen to be silent. Therefore, the Government has waived all arguments and objections that it may have and the Motion to Suppress Items Seized from Mr. deBerardinis's Home should be granted.

### PROCEDURAL BACKGROUND

On July 31st, 2018, the Court set a briefing deadline of January 18, 2019 for any dispositive pretrial briefs to be filed by the Defendant and a deadline of February 15, 2019 for the Government to respond. On January 16, 2019, the undersigned filed a joint motion with the Government to

1

extend the dispositive pretrial motions and responses deadlines by two weeks, which was granted by the Court. *See* Rec. Doc. 43, 54 and 55.

On February 1st, 2019, the Defense filed six different pretrial motions pursuant to the Court's briefing deadline, which consisted of the following: 1) a Motion to Dismiss Counts 7 and 8-11 of Superseding Indictment; 2) a Motion to Strike Surplusage from the Superseding Indictment; 3) a Motion for Leave to File Motion for Bill of Particulars; 4) a Motion to Suppress Hard Drive Seized from Eric Triche; 5) a Motion to Suppress Items Seized from Mr. deBerardinis's Home; and 6) a Motion to Suppress Items Illegally Seized from Google.com. *See* Rec. Docs. 47-52.

On March 8, 2019, the Government filed the following five responses: 1) Response in Opposition by USA as to David D deBerardinis re 47 MOTION to Dismiss Counts 7 and 8-11 of Superseding Indictment; 2) Response in Opposition by USA as to David D deBerardinis re 48 MOTION to Strike Surplusage from the Superseding Indictment; 3) Response in Opposition by USA as to David D deBerardinis re 49 MOTION for Leave to File Motion for Bill of Particulars; 4) Response to Motion by USA as to David D deBerardinis re 52 MOTION to Suppress Items Illegally Seized from Google.com; and 5) Response in Opposition by USA as to David D deBerardinis re 50 MOTION to Suppress Hard Drive Seized from Eric Triche. *See* Rec. Docs. 61-65.

Without explanation, the Government has failed to respond to Mr. deBerardinis's main suppression motion regarding the items illegally seized from his home (Rec. Doc. 51). The Government was ordered by the Court to respond this motion back in March of 2019. Though the Government responded to the other pretrial motions, it has not responded to the instant motion.

At the conclusion of the competency hearings in December 2019, and after the government had agreed to the scheduling order, the Government filed a Motion to Expedite the Ruling and Briefing Schedule (R. doc 105). In the response filed by deBerardinis the Defense noted that while the Government was in a gallop to hear the motions and set the case for trial, they had not yet filed an answer to the Motion to Suppress. Rec. Doc. 106, David deBerardinis Response to United States Motion for Revised Scheduling Order, page 4. There could be no mistaking of the allegation by the Defense that the motion had not yet been answered because the following was stated:

> Notably, the Government did not respond to Mr. deBerardinis's main suppression motion regarding the items illegally seized from his home (Rec. Doc. 51). The Government's lack of response to this motion could be considered a waiver of its opportunity to respond to deBerardinis' motion to suppress all items illegally seized from his house and therefore be granted. But for the government to cry "let's hurry up" when they have not responded to defense motions filed 11 months ago, is inconsistent, at best.

The Government never responded to the Defense reply, which was filed on January 6, 2020.

The Defense requested a status conference by letter dated May 13, 2020. One issue was the failure of the Government to file an answer or opposition to the Motion to Suppress Items Seized from deBerardinis' Home. The letter is under seal, but paragraph four of the letter addresses the issue. We have not attached it as an exhibit as it contains matters pertaining to McCoy/Faretta issues, but a copy can be provided if needed by the Court or Government.

The Court held a telephone status conference on May 14th, 2020. At that time, the Defense noted the Government had still not yet filed a response to the Motion to Suppress as was addressed in counsel's letter to the Court requesting the status conference.

During the status conference on May 14th when the failure to answer the Motion to Suppress was pointed out, Assistant United States Attorney Jernigan said she would file it by the

3

following Monday. Your undersigned thought that was ambitious and said if she needed additional time, she could have it without objection. The Court also offered additional time. The Assistant United States Attorney declared it would be filed on Monday, May 18th. It was not. Now, we suggest, it is too late – the hay is in the barn.

## LAW AND ARGUMENT

"Unlike a defendant's reply, the government's response to a defendant's motion to suppress is not optional." *U.S. v. Ocana*, 10-CR-127, 2010 WL 4642367, at *1 (E.D. Wis. Oct. 19, 2010), report and recommendation adopted, 10-CR-127, 2010 WL 4642356 (E.D. Wis. Nov. 9, 2010). That's because the Government is guaranteed the opportunity to object to pretrial motions pursuant to the Court's scheduling order and Rule 12(c). But when the Government fails to timely object, it constitutes a waiver of the Government's opportunity to be heard on a pretrial motion like a motion to suppress. *See* Fed.R.Crim.P. 12(c)(3) *with* 2014 Amendments to Fed.R.Crim.P. 12(e); *see also U.S. v. Freeman* 2010 WL 1957303 *3 (E.D.Tenn.) ("Pursuant to Fed.R.Crim.P. 12(e), this failure constitutes a waiver of objection to Defendant's Motion to Suppress."); *United States v. Madrid*, 916 F.Supp.2d 730, 736 (W.D. Tex. 2012) (finding that the government waived its opposition by failing to respond to an argument about a motion to suppress a wiretap). A court *may*, but is not required, to consider an untimely opposition if the untimely party can show good cause for its failure. *See* Fed.R.Crim.P. 12(c)(3).

Here, however, there is no good cause for the Government's year and a half failure. The Government has not only been given an extraordinary amount of time to object to this motion to suppress, but it has been reminded by the Defense and ordered by the Court to do so on several occasions. Further, the Government has not asked for an extension of time to oppose this motion. It has simply let court-mandated deadline after court-mandated deadline pass without providing

any cause whatsoever for doing so. Thus, the logical consequence of the Government's silence is a waiver its right to respond.

## CONCLUSION

In these circumstances, the only available and fair thing for the Court is to rule the Government has no objection or has waived its right to object and the motion should be granted without further ado.

/s/ James E. Boren
JAMES E. BOREN (LA # 03252)
830 Main Street
Baton Rouge, Louisiana 70802
Office (225) 387-5786
FAX (225) 336-4667
jim@jamesboren.com

*Attorney for David D. deBerardinis*

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ James E. Boren
JAMES E. BOREN (LA # 03252)