UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | CRIMINAL NO.: 5:18-cr-00030-01 |
| | * | |
| | * | 18 U.S.C. §§ 1341, 1344, 1343, 1957 |
| | * | 18 U.S.C. §§ 1014, 2 |
| **VERSUS** | * | 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2) |
| | * | |
| | * | **CHIEF JUDGE HICKS** |
| **DAVID D. DEBERARDINIS** | * | **MAGISTRATE JUDGE HORNSBY** |

**UNITED STATES' MOTION FOR LEAVE TO FILE
ITS RESPONSE IN OPPOSITION TO DEFENDANT'S
<u>MOTION TO SUPPRESS OUT OF TIME</u>**

NOW INTO COURT, through the United States Attorney and undersigned Assistant United States Attorney, comes the United States of America, who respectfully requests leave of Court to file its response in opposition to the defendant's Motion to Suppress [Rec. Doc. 51] out of time:

1.

On February 1, 2019, the defendant filed the above-referenced motion to suppress. [Rec. Doc. 51]. The motion seeks suppression of all evidence seized from his home on grounds that it was an unconstitutional "all-records" search and, alternatively, that the search warrant was not supported by probable case.

2.

The defendant filed additional motions around the same time as the motion to suppress, including a Motion to Determine Competency. [Rec. Doc. 66]. Thereafter, the parties engaged in extensive motion practice, and in December of 2019, the

magistrate judge conducted a two-day hearing on the issue of competency. On April 3, 2020, the magistrate judge issued a Report and Recommendation, recommending that Court ender a finding that the defendant is legally competent to stand trial. [Rec. Doc. 115]. As of the date of this filing, this Court has not yet issued a final ruling on the competency motion and corresponding Report and Recommendation.

3.

The magistrate judge conducted a video status conference with the parties on May 14, 2020, during which it allowed the United States until May 18, 2020, to file a response to the defendant's motion to suppress. [Rec. Doc. 122]. The United States missed its filing deadline, and on July 2, 2020, the defendant filed a reply, urging the court to grant the motion because the United States had waived its right to respond. [Rec. Doc. 134].

4.

On July 2, 2020, when this failure came to the attention of the United States Attorney and the undersigned, the Assistant United States Attorney previously assigned to this prosecution was removed from this case and another Assistant United States Attorney was directed to prepare the United States' response to the motion. That Assistant United States Attorney has done so promptly, so that this motion and the United States' opposition (attached) have been filed on the first business day after the undersigned's discovery of the missed deadline.

5.

The defendant alleges no specific prejudice arising from the United States' failure to timely file its response, nor can he, as he is not in custody; the trial is more than seven months away; and the fact that the defendant has not yet been adjudicated competent means this Court could not proceed with an evidentiary hearing on the instant motion even if the issue were fully briefed.

Instead, the defendant relies only upon the government's technical default. But suppression of the evidence under such circumstances is too severe a remedy, as suppression will punish only the defendant's alleged victims and the public, all of whom have a right to an adjudication of the charges based on *all* legally obtained evidence.

6.

Suppression of the evidence for the government's failure to timely file an opposition is not compelled by the cases cited by the defendant, none of which is precedential. It is true the district court in *United States v. Madrid*, 916 F.Supp.2d 730 (W.D. Tex. 2012) found the government had waived a standing objection by failing to raise it (though the court ultimately denied the motion on other grounds). *Id.* at 736. However, *Madrid* is contrary to a published, precedential ruling of the Fifth Circuit, *United States v. Iraheta*, 764 F.3d 455, 460 (5th Cir. 2014), which recognized the district court retains the discretion to consider a suppression argument even though it was not first presented to the magistrate judge. *Id.* at 460 (rejecting the defendant's waiver argument and finding the district court

"appropriately exercised its discretion and decided the issue even though it was not presented to the MJ").

*United States v. Freeman*, 2010 WL 1957303 (E.D. Tenn. 2010), also cited by the defendant, actually supports the United States' argument against waiver in this case. In *Freeman*, in spite of the United States' failure to file a response to a motion to suppress, the magistrate judge considered the merits of the defendant's arguments and issued a Report and Recommendation recommending denial of the motion. In his objection to the Report and Recommendation, the defendant argued that his motion to suppress should be granted because the government's failure to reply constituted waiver. While acknowledging that the government had no good reason not to file an opposition, the Court nevertheless addressed the merits of the defendant's motion and denied it, finding that granting the motion on the basis of waiver "would have significant and unwarranted consequences in this matter." *Id.* at *3.

7.

The government regrets its failure to timely file its response to the motion within the prescribed time limits. However, absent demonstrable prejudice to the defendant, the United States respectfully suggests this Court should exercise its discretion to permit the United States to file out of time.

WHEREFORE, the United States of America respectfully moves this Court to grant it leave to file the attached opposition to the defendant's motion to suppress out of time.

Respectfully submitted,

DAVID C. JOSEPH
United States Attorney

By: /s/  Alexander C. Van Hook
ALEXANDER C. VAN HOOK
First Assistant United States Attorney
300 Fannin Street, Suite 3201
Shreveport, LA  71101
(318) 676-3600 – office
(318) 676-3663 – fax