UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 18-00030-01 |
| VERSUS | CHIEF JUDGE S. MAURICE HICKS, JR. |
| DAVID D. DEBERARDINIS (01) | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is the Report and Recommendation of the Magistrate Judge (Record Document 202) recommending that the Government's Motion to Vitiate Attorney-Client Privilege and Work Product Privileges (Record Document 159) be **GRANTED IN PART** and **DENIED IN PART**. The Magistrate Judge found that the Government presented a prima facie case for the application of the crime-fraud exception to the two PlainsCapital loans and the one Stafford loan. See Record Document 202 at 7-9, 11. The Magistrate Judge, however, reasoned that the Government's request to explore a broader vitiation during an *in camera* review should be denied. See id. at 2.

Defendant David D. deBerardinis ("deBerardinis") objected to the Report and Recommendation, arguing the Government did not satisfy its burden and the Magistrate Judge should have held an evidentiary hearing; the Government's motion was procedurally deficient and "the ruling is confusing as to what exactly the Court is 'vitiating'"; and there has been improper notice to attorneys Walter J. Stanton ("Stanton") and W. Alan Pesnell ("Pesnell"). Record Document 209 at 2-6. Pesnell also filed a response and objections, wherein he generally objected to the vitiation of the attorney-client privilege and the work product privilege. See Record Document 207. The Government filed a response to the objections. See Record Document 217.

The undersigned has thoroughly reviewed the original briefing on the motion, the Government's thirty exhibits, the Report and Recommendation, and the objections/response to the Report and Recommendation. The Court concurs with the findings of the Magistrate Judge. While it is unnecessary to address each of the objections filed, the Court will expound on a few points of contention.

The first is deBerardinis' misplaced assertion that a preponderance of the evidence standard applies in this instance. Defense counsel cites In re Grand Jury Subpoena, 419 F.3d 329, 336 (5th Cir. 2005), for the principle that a preponderance of the evidence standard governs the instant motion. See Record Document 209 at 1. However, as noted by the Government, the phrase "preponderance of the evidence" appears nowhere in the In Re Grand Jury Subpoena opinion. Instead, the case provides:

> In order to invoke [the crime-fraud] exception, the party seeking to breach the walls of privilege must make out a prima facie case. To make the necessary prima facie showing for the application of the crime-fraud exception here, the government must produce evidence such as will suffice until contradicted and overcome by other evidence ... a case which has proceeded upon sufficient proof to that stage where it will support [a] finding if evidence to the contrary is disregarded. Allegations in pleadings are not evidence and are not sufficient to make a prima facie showing that the crime-fraud exception applies.

In re Grand Jury Subpoena, 419 F.3d at 336 (internal citations and quotations omitted). The defense position is contrary to ample federal case law holding that a prima facie case in the context of analyzing the crime-fraud exception requires a lesser burden of proof than the preponderance of the evidence standard. See In re Grand Jury, 705 F.3d 133, 152 (3rd Cir. 2012); In re Grand Jury Proceedings, 417 F.3d 18, 22-23 (1st Cir 2005); In re Grand Jury Proceedings, 401 F.3d 247, 251 (4th Cir. 2005); In re Grand Jury Proceedings, 87 F.3d 377, 381 (9th Cir. 1996).

Additionally, the defense has provided no legal authority to support its position that an evidentiary hearing was required and/or that the Government's motion was procedurally defective.  The Court also finds the defense position that "the Government's assertions and accusations . . . are not supported by proof or competent evidence" unconvincing, as the Government's motion to vitiate was supported by substantive documentary evidence.  While the Court believes the scope of the vitiation is clear from not only the ruling, but also the Government's motion and exhibits, the Court is available to alleviate any confusion as to scope once subpoenas or other discovery requests are made in preparation for the April 12-13, 2021 hearing.  Finally, proper notice and an opportunity to respond were provided to both Stanton and Pesnell.  This finding is supported by Pesnell's objections, which were timely filed in the record.  See Record Document 207.

Accordingly, for the reasons assigned in the Report and Recommendation of the Magistrate Judge previously filed herein, and having thoroughly reviewed the record, including the written objections and responses filed, and concurring with the findings of the Magistrate Judge under the applicable law;

**IT IS ORDERED** that the Motion to Vitiate Attorney-Client and Work Product Privileges (Record Document 159) is **GRANTED IN PART**.  The Court finds that the Government has presented a prima facie case for the application of the crime-fraud exception to the two PlainsCapital loans and the one Stafford loan.  Therefore, neither the attorney-client privilege nor the work product privilege applies to *any* of the documents or communications in furtherance of those three transactions.

**IT IS FURTHER ORDERED** that, except as granted above, all other requests by the Government in the motion are **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this the 9th day of March, 2021.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT