UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

UNITED STATES OF AMERICA        CRIMINAL ACTION NO. 18-00030-01

VERSUS                          CHIEF JUDGE S. MAURICE HICKS, JR.

DAVID D. DEBERARDINIS (01)      MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Before the Court is a Motion to Dismiss Counts 7 and 8-11 of the Superseding Indictment (Record Document 47) filed by the defendant, David D. deBerardinis ("deBerardinis"). The defense contends that Count 7 must be dismissed because it is unconstitutionally duplicitous. As to Counts 8-11, the defense argues that such counts must be dismissed because they fail to allege a criminal offense. The Government has opposed the motion. See Record Document 61. For the reasons set forth below, the Motion to Dismiss is **DENIED**.

On March 29, 2018, the grand jury returned a Superseding Indictment charging deBerardinis with mail fraud, bank fraud, wire fraud, money laundering, and making a false statement to a bank. See Record Document 17. Generally, the Superseding Indictment alleges that deBerardinis orchestrated and executed a scheme to defraud numerous investors and banks in what the Government maintains was a classic Ponzi scheme. See id. The Superseding Indictment alleges that "the primary purpose of the scheme and artifice to defraud was to obtain money from individual investors and Lending Institutions to which the Defendant was not entitled." Id. at 3. Count 7 charges bank fraud in violation of 18 U.S.C. §§ 1344(1) and (2) and 18 U.S.C. § 2. Counts 8-11 charge wire fraud in violation of 18 U.S.C. § 1343 and 18 U.S.C. § 2.

Count 7

The defense argues Count 7 must be dismissed because it is unconstitutionally duplicitous, as it charges a violation of 18 U.S.C. § 1344(1) and 18 U.S.C. § 1344(2) in one count.  Based on the rationale set forth in Loughrin v. U.S., 573 U.S. 351, 134 S.Ct. 2384 (2014), deBerardinis argues Sections 1344(1) and 1344(2) are separate offenses and joining the two offenses into one count is unlawfully duplicitous.  The defense argues the Court should either dismiss Count 7 or order the Government to elect the charge upon which it would like to proceed.

Title 18, United States Code, Section 1344 defines bank fraud as knowingly executing, or attempting to execute, a scheme or artifice –

(1) to defraud a financial institution; or

(2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises.

18 U.S.C. § 1344.  In Loughrin, the Supreme Court held Section 1344(2) does not require the Government to prove that a defendant intended to defraud a financial institution.  573 U.S. at 353, 134 S.Ct. at 2387.  The case did not address whether Section 1344(1) and (2) are separate offenses requiring separate counts in order to avoid a duplicity challenge.  Thus, while Loughrin is instructive as to the proof required to establish a violation of the two provisions of Section 1344, the case is not directly on point as to the issue of duplicity.

Federal Rule of Criminal Procedure 7(c)(1) provides, in part, that "a count may allege that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means."  Here, Section 1344

specifies several alternative ways in which the offense of bank fraud can be committed. Thus, the indictment may allege ways in the conjunctive. In U.S. v. Harvard, the Fifth Circuit explained:

> Section 1344 prohibits two types of conduct: (1) a scheme to defraud and (2) a scheme to obtain monies by false representation. . . . Count 5 of Harvard's indictment alleges violations of both types of proscribed conduct. It is this about which Harvard complains. He claims that because a single count of the indictment identified two crimes, he was forced to defend himself at trial while uninformed of the precise charges against him. Harvard's argument is without merit.
>
> "Where a statute specifies several alternative ways in which an offense can be committed, the indictment may allege the several ways in the conjunctive, and a conviction thereon will stand if proof of one or more of the means of commission is sufficient." Fields v. United States, 408 F.2d 885, 887 (5th Cir.1969) (footnote omitted); see also United States v. Wiley, 979 F.2d 365, 368 (5th Cir.1992). In Harvard's case, the government elected before the jury was charged—as is its option—to proceed under § 1344(1). The district court did not err in permitting the government to do so. The record shows that Harvard was fully prepared to and did defend against the charge that he engaged in a scheme to injure or defraud the bank on the Joint Venture loan.

Id. at 420.[1] The Court holds that Count 7 is not duplicitous and the Motion to Dismiss on this ground is **DENIED**. Additionally, like the Harvard and Hall courts, this Court intends to revisit the Government's proof as to Count 7 when drafting its jury instructions.

---

[1] In U.S. v. Hall, 979 F.3d 1107, 1116 (2020), the Fifth Circuit did not ultimately decide the issue of duplicity. Instead, the appellate court appeared to assume for purposes of its opinion "that § 1344(1) and (2) are separate offenses requiring separate counts in the indictment" before eventually holding "the jury instructions cured any potential error." Id. In Hall, the government stated that it would only pursue a conviction under Section 1344(1) and the district court only instructed the jury on the elements of Section 1344(1). "Because the government elected to rely on § 1341(1), and the district court only instructed on the elements of § 1344(a), [the Fifth Circuit was] not concerned that the jury convicted Hall for anything besides violating § 1344(1)." Id. The court reasoned that "the final jury instructions ultimately remedied any issues – even though the district court's fix seemed coincidental – because the government pursued § 1344(1) only." Id.

Counts 8-11

The defense argues that the electronic funds transfers used as the factual basis for Counts 8-11 of the Superseding Indictment do not constitute wire fraud as a matter of law.  See Record Document 47.  Count 7 alleges bank fraud by deBerardinis in requesting and receiving funds from PlainsCapital Bank.  See Record Document 17. Counts 8-11 allege that deBerardinis committed wire fraud by transferring the money he received from PlainsCapital to his JP Morgan Chase Bank, N.A. account.  See id.  The defense argues that the wire transfers outlined in Counts 8-11 "were neither an 'essential element' of a scheme to defraud nor 'an essential part' of such a scheme.  Record Document 47-1 at 5, citing U.S. v Strong, 371 F.3d 225 (5th Cir. 2004).[2]  More specifically, the defense contends that the alleged use of wires to transfer money in this case – as set forth in Counts 8-11 – did not advance the previously completed scheme of "obtain[ing] money and property owned by and under the control of [PlainsCapital Bank] by means of false and fraudulent pretenses, promises, and representations."  Id. at 6-7, citing Record Document 17 at 2.  According to the defense, the alleged scheme charged was to acquire the funds themselves.  The subsequent use of the wires to transfer the money from PlainsCapital Bank to JP Morgan Chase Bank did not advance the scheme and was not integral to scheme because the alleged fraudulent scheme was completed when deBerardinis received money from PlainsCapital Bank.  Thus, even

---

[2] As noted by the Government in its opposition, Strong was an appeal by the United States from a judgment of acquittal entered by the district court.  371 F.3d at 226-227. The legal standards applicable to a motion to dismiss and a motion for judgment of acquittal are dissimilar.  Thus, while Strong may be illustrative as to how interstate wires were used to execute the scheme at issue in that case, the Court finds Strong inapplicable and unpersuasive in the context of analyzing a motion to dismiss an indictment for failure to state an offense.

accepting the factual allegations set forth in the Superseding Indictment as true, Counts 8-11 should be dismissed for failure to state an offense.

"A motion to dismiss an indictment for failure to state an offense is a challenge to the sufficiency of the indictment." U.S. v. Kay, 359 F.3d 738, 742 (5th Cir. 2004). The district court must "take the allegations of the indictment as true" and determine whether an offense has been stated." Id. If the motion presents a purely legal question, then the district court can consider the motion. See U.S. v. Korn, 557 F.2d 1089, 1090 (5th Cir. 1977). However, "a defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence, for an indictment returned by a legally constituted and unbiased grand jury, if valid on its face, is enough to call for trial of the charge on the merits." U.S. v. Mann, 517 F.2d 259, 267 (5th Cir. 1975), citing Costello v. U.S., 350 U.S. 359, 363, 76 S.Ct. 406, 409 (1956).

Here, the Court finds that the Superseding Indictment properly alleges that the wire transfers set forth in Counts 8-11 were part of deBerardinis' scheme to defraud individual investors and lending institutions. The allegations in Counts 1-7 were incorporated by reference in Counts 8-11. Moreover, the background section of the Superseding Indictment provides detailed factual allegations. This Court believes the Superseding Indictment is sufficient on its face. Moreover, this Court lacks the authority under Rule 12 "to dismiss on the basis of a sufficiency-of-the-evidence defense which raises factual questions embraced in the general issue." Mann, 517 F.2d at 267. The factual question of whether the use of wires to transfer money – as set forth in Counts 8-11 – was an essential element or an essential part of the overall scheme to defraud in this case is an issue for trial on the merits. The defense's argument that Counts 8-11

fail to state an offense is without merit and the Motion to Dismiss on this ground is **DENIED**.

      **IT IS SO ORDERED**.

      **THUS DONE AND SIGNED**, in Shreveport, Louisiana, this the 28th day of April, 2021.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT