UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 18-00030-01 |
| VERSUS | CHIEF JUDGE S. MAURICE HICKS, JR. |
| DAVID D. DEBERARDINIS (01) | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is the Government's Notice of Intent to Introduce at Trial Intrinsic Evidence, or, Alternatively, Extrinsic Evidence Pursuant to 404(b). See Record Document 158. The defense filed a response. See Record Document 179. The defense argues the Government's notice is insufficient under Rule 404(b) because it does not list with particularity and specificity each one of the separate crimes. See id. The defense does not counter the Government's contention that the evidence is intrinsic, other than to note that the presentation of such evidence at trial "can turn this simple trial into [a] weeks long trial of matters that are not related to or essential to the government's proof of the underlying crime." Id. at 1.

The Superseding Indictment in this case alleges the following:

> Beginning on or about 2008, and continuing until at least July 2016 . . ., the Defendant, **DAVID C. DEBERARDINIS** . . . did knowingly and execute and attempt to execute a scheme and artifice to defraud.
>
> . . .
>
> The primary purpose of the scheme and artifice to defraud was to obtain money from individual investors and Lending Institutions to which the Defendant was not entitled.

Record Document 17 at 2-3. The Government contends Defendant David C. deBerardinis ("deBerardinis") fraudulently obtained millions of dollars from individuals and

financials institutions over an eight year period.  See Record Document 158 at 1.  He allegedly "used numerous tactics to advance his fraud scheme," which centered on purported fuel trading agreements.  Id. at 2.  These tactics included the creation of email accounts, forged signatures, and fraudulent contracts and promissory notes.  See id. at 3.  The Superseding Indictment charges deBerardinis with mail fraud, bank fraud, wire fraud, money laundering, and making a false statement to a bank.  See Record Document 17.  According to the Government, the charged counts do not encompass the entirety of deBerardinis' scheme, as he approached more than 50 individuals and financial institutions about funding his purported fuel trading business and more than half of those fell victim to his fraudulent scheme.  See Record Document 158  at 9.

"Intrinsic evidence is generally admissible, and its admission is not subject to Rule 404(b)."  U.S. v. Anderson, 558 F. App'x 454, 463 (5th Cir. 2014).  "Evidence of an uncharged offense arising out of the same transactions as the offenses charged in the indictment is not extrinsic evidence within the meaning of Rule 404(b), and is therefore not barred by the [R]ule."  Id.  Intrinsic evidence is "when evidence of the other act and the evidence of the crime charged are inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged."  Id.  "Such evidence is considered intrinsic and is admissible so that the jury may evaluate all the circumstances under which the defendant acted."  U.S. v. v. Navarro, 169 F.3d 228, 233 (5th Cir. 1999).

Here, the Court holds that all of deBerardinis' attempts (both successful and unsuccessful) to obtain funds for his alleged fuel trading business are relevant, intrinsic evidence of the charged offenses.  These attempts are admissible at trial, as they are

inextricably intertwined with the charged counts in the Superseding Indictment. All of deBerardinis' attempts to fraudulently obtain funds for the fuel trading business between 2008 and 2016 were in furtherance of his scheme and artifice to defraud/obtain money from individual investors and lending institutions to which he was not entitled. There was also testimony at a recent court hearing that many of the key documents used in various transactions in this matter, such as promissory notes and personal guaranties, were recycled for multiple attempts to obtain money from individual investors and financial institutions. Additionally, the mail fraud counts of the Superseding Indictment relate to checks deBerardinis mailed to investors. The Government alleges these payments were "lulling payments" and facilitated the overall fraudulent scheme. In U.S. v. Freeman, 434 F.3d 369, 374 (5th Cir. 2005), the Fifth Circuit affirmed the district court's admission of intrinsic evidence, reasoning that "the uncharged offense arose out of the same series of transactions, because the funds were co-mingled and used to make lulling payments to investors from both schemes." Finally, this Court believes the admission of the intrinsic evidence is necessary to allow the jury to evaluate all the circumstances under which deBerardinis acted from 2008 to 2016. The probative value of such evidence is not substantially outweighed by the danger of unfair prejudice. See FRE 403.

Alternatively, even if this Court were to assume that the evidence at issue is extrinsic, it would still be admissible under Rule 404(b) because it goes "to prove intent and knowledge." Anderson, 558 F. App'x at 463. Under U.S. v. Beechum, 582 F.2d 898, 911 (5th Cir. 1978). The extrinsic evidence is relevant to deBeradinis' knowledge, intent, and plan to commit fraud. Moreover, the probative value of this evidence is not substantially outweighed by its prejudicial effect or any other Rule 403 dangers. See id.

Evidence relating to all of deBerardinis' attempts to obtain funds for his alleged fuel trading business is intrinsic to the charged offenses and is admissible at trial. Alternatively, such evidence is admissible as extrinsic evidence under Rule 404(b) to show knowledge, intent, and plan to commit fraud.

**IT IS SO ORDERED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this the 4th day of May, 2021.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT