# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 18-00030-01 |
| VERSUS | CHIEF JUDGE S. MAURICE HICKS, JR. |
| DAVID D. DEBERARDINIS (01) | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before the Court is the Report and Recommendation of the Magistrate Judge (Record Document 201) recommending that the Government's Motion to Disqualify Jerald R. Harper ("Harper") from Serving as an Advocate at Trial (Record Document 149) be **GRANTED**. The Magistrate Judge reached this conclusion based upon the briefs and held no evidentiary hearing. See Record Document 201. Applying Rule 3.7 of the American Bar Association's ("ABA") Model Rules of Professional Conduct/Louisiana Rules of Professional Conduct and Disciplinary Rule 5-102 of the ABA's Model Code of Professional Responsibility, the Magistrate Judge found that the best exercise of the court's discretion was to disqualify Harper from acting as trial counsel for Defendant because of the likelihood that Harper would be a witness regarding Defendant's mental health and/or a witness regarding the Stafford loan transaction. See id. at 3-6, 8. As an additional basis for the ruling, the Magistrate Judge also cited the unsworn witness rule, stating "Harper's direct (but unwitting) involvement in the Stafford loan fraud creates a real risk of his injecting his knowledge (and unsworn testimony) into his evidentiary arguments and examinations of witnesses." Id. at 7. The disqualification was limited; Harper was disqualified from acting as trial counsel, but the Magistrate Judge recommended that he be allowed to continue to act as Defendant's attorney in all pretrial

proceedings in this case. See id. at 9. The Magistrate Judge also recommended that Harper be allowed to sit with Defendant during the trial to confer with Defendant if appropriate. See id.

Defendant David D. deBerardinis ("deBerardinis") objected to the Report and Recommendation. See Record Document 208. The defense argued the burden of proof applied by the Magistrate Judge in deciding the Government's motion was unclear and that the Magistrate Judge should have held an evidentiary hearing to decide the fact-intensive inquiry before the court. See id. The defense further maintained that Harper was neither a necessary nor likely witness, namely because he did minimal legal work as to the Stafford loan transaction, and Harper's testimony – as to both the Stafford loan transaction and the Defendant's mental health – was not necessary because it was available from other sources.

The Government responded to the defense objections. See Record Document 224. The Government argued there is no dispute that Harper provided legal services to the Defendant and Financial Resources over the final year of the fraud scheme as alleged in the Superseding Indictment; represented the Defendant and Financial Resources in the Stafford loan transaction; communicated extensively via email with Mr. Stafford's attorney regarding the loan; and drafted, reviewed, and/or revised documents used in effectuating the loan. While the Government noted it has moved to exclude from trial all of the Defendant's "psychiatric evidence," it believes Harper remains a necessary and likely witness at trial, especially if the defense introduces lay witness testimony in support of its claim that the defendant suffered from a mental disease or defect at the time of the offense. And Harper remains likely to be a necessary witness at trial concerning the

2

Stafford loan. The Government also highlighted the "real risk of [Mr. Harper] injecting his knowledge (and unsworn testimony) into his evidentiary arguments and examination of witnesses." Id. at 11. Finally, while the Government agrees Harper is not precluded from attending trial and conferring with the Defendant and the trial team outside the presence of the jury, it believes Harper should be precluded from sitting at counsel table during trial. See id. at 12.[1] The Government also requested an evidentiary hearing to allow the defense to produce competent evidence in support of the contention that Harper was not involved in the Stafford loan. See id. at 5.

This Court set an evidentiary hearing for April 12, 2021 to consider the defense objections to the Report and Recommendation. See Record Document 218. Both the Government and the defense presented witnesses at the hearing, and it concluded on April 13, 2021. See Record Document 254, 256, and 257. After the benefit of the evidence and argument presented at the hearing, the undersigned adopts the Magistrate Judge's Report and Recommendation with only two minor modifications.

At the outset, the Court notes its recent ruling holding all of deBerardinis' attempts (both successful and unsuccessful) to obtain funds for his alleged fuel trading business are relevant, intrinsic evidence of the charged offenses. See Record Document 275. The Stafford loan transaction certainly falls within this category. Thus, the defense's contention that the Stafford loan is only tangential and not "necessary" because it is not charged conduct does not sway this Court. Evidence relating to the Stafford loan will

---

[1] The Government suggests that to avoid any unnecessary confusion at trial, Harper should be precluded from sitting at counsel table. See Record Document 224 at 13. However, the disqualification should not otherwise prohibit him from conferring with deBerardinis and the trial team outside the presence of the jury. See id.

3

assist the jury in evaluating all the circumstances under which deBerardinis acted in 2015-2016, part of the time frame outlined in the Superseding Indictment. While it is true that Harper was not the only lawyer involved in the Stafford bridge loan transaction, the Court heard testimony at the evidentiary hearing regarding Harper's personal and extensive involvement on behalf of both Financial Resources ("FR") and deBerardinis. Attorney Calvin Brasseaux ("Brasseaux") represented Raymond Stafford in the bridge loan transaction. He testified that Harper represented Financial Resources ("FR") in the transaction and that he negotiated with Harper throughout the transaction. Specifically, Harper drafted a "Resolution of the Sole Member and Manager of Financial Resources, LLC" as part of the Stafford loan transaction package. See Government's Exhibit 8 at 008-031 - 008-032. This resolution was signed by deBerardinis as the sole member and manager of FR. See id. at 008-032. The purpose of the resolution was to authorize FR to enter into the Stafford loan transaction. There was testimony at the evidentiary hearing that this corporate resolution was considered part of the final Stafford loan package. In the context of the resolution, the Court's notes reflect that Harper testified he represented FR and to some extent deBerardinis on Louisiana law, and it was correct to say that he drafted the FR resolution.[2]

In the Report and Recommendation, the Magistrate Judge cites and relies upon Rule 3.7 of the Model Rules, Rule 5-102 of the Model Code, and Horaist v. Doctor's

---

[2] Even if this Court were to assume Harper only represented FR and in no way represented deBerardinis, despite his admission otherwise, the end result remains unchanged due to Harper's extensive personal knowledge of the circumstances surrounding the Stafford loan transaction. Moreover, the allegations set forth in the Superseding Indictment clearly demonstrate the FR entities' key role in perpetuating the alleged scheme to defraud.

Hospital, 255 F.3d 261 (5th Cir. 2001).[3]  See Record Document 201 at 3-6.  The Court concurs with the application of these rules and precedent and now holds that based upon the evidence adduced at the hearing and specifically the testimony of Harper, Brasseaux, and Todd Muslow, Harper must be disqualified as a trial advocate for deBerardinis.  There is no dispute that Harper drafted the corporate resolution that was part of the loan package.  Other than drafting this one document, Harper described his role as a "document wrangler."  The Court disagrees.  While he may have only drafted one document, he is a necessary and likely witness because he has extensive personal knowledge of the circumstances surrounding the Stafford loan transaction.  Harper testified that he took comments and suggestions from all sides, incorporated the comments and suggestions into an instrument, circulated the instrument, and eventually got the instrument signed.  Brasseaux testified that he negotiated with Harper.  Harper personally provided legal services for FR and/or deBerardinis that ultimately formed the basis of part of the fraudulent scheme set forth in the Superseding Indictment.  He participated in some of the negotiations, drafted and revised documents, was part of conferences and communications, and exchanged numerous emails regarding the Stafford loan transaction, all as the events were happening in 2015-2016.  At a minimum,

---

[3] The Fifth Circuit uses the following test to apply the lawyer-witness rule:  (1) Is the lawyer a necessary witness?  (2) Has the moving party sufficiently alleged prejudice? and (3) Will disqualification impose a substantial burden on the client that is not outweighed by prejudice and other policy considerations?  See Horaist, 255 F.3d at 266-267.

the Court believes there is a real likelihood that Harper will be needed as a Government rebuttal witness regarding the circumstances surrounding the Stafford loan transaction.[4]

The Court concurs with Magistrate Judge Hornsby's finding as to prejudice and hardship. Harper's participation at trial as a lawyer for the defense will certainly perplex the jury and the public if he is eventually called as a Government witness. Both the public and the jury will likely be confused by these conflicting roles. It is for these reasons that the undersigned does not agree with the Magistrate Judge's recommendation that Harper remains free to sit at counsel table during the trial. See Record Document 201 at 6. This Court declines to adopt such recommendation. As to hardship, this Court notes that the Government seeks a very limited disqualification of Harper as trial counsel. Harper remains free to participate in pretrial preparations and pretrial hearings. Additionally, Harper represented in his Motion to Enroll that he would not "lead or direct the defense" and wished to "enroll only as secondary counsel to assist." Record Document 26 at 1. There is nothing in this ruling preventing Harper from continuing to assist in the defense and, more specifically, consult and confer with deBerardinis and/or the defense team after trial each day, all outside the presence of the jury.[5] As noted *supra*, this Court has held that Harper is a necessary and likely witness as to the Stafford loan transaction. It is

---

[4] The admissibility of the defense's psychiatric evidence remains pending (Record Documents 223, 264, and 274); thus, the Court is not deciding the necessary and likely witness issue on Harper's knowledge regarding deBerardinis' mental health.

[5] Also pending before the Court is a Motion to Withdraw as Counsel the Harper Law Firm, APLC, Jerald R. Harper, and Anne E. Wilkes. See Record Document 212. While there is some overlap in the issues presented in the Report and Recommendation on the Motion to Disqualify and the Motion to Withdraw, the Motion to Withdraw is broader and more encompassing than the Motion to Disqualify Harper as a trial advocate. The Court has asked for additional briefing as to whether an interlocutory appeal may be taken if the Motion to Withdraw is denied. A ruling on the pending Motion to Withdraw will be issued once the additional briefing is filed and after resolution of the Motion to Disqualify.

unclear if he is necessary and likely as a witness in the Government's case-in-chief or as a rebuttal witness. The Government must make that determination, as it will potentially affect Harper's ability to be present in the courtroom as an observer due to the rule of sequestration. Additionally, the Court notes that the limited disqualification of Harper as trial advocate has no impact on Anne E. Wilkes' ability to represent deBerardinis in pretrial preparations, pretrial proceedings, and during trial.[6]

As an additional basis for disqualification, the Magistrate Judge cited the unsworn witness rule as set forth in U.S. v. Locascio, 6 F.3d 924 (2nd Cir. 1993). The Court wholly adopts the Magistrate Judge's findings and conclusions on this issue. Additionally, it was unmistakable at the evidentiary hearing that Harper's relationship to deBerardinis resulted in his having first-hand knowledge of the events surrounding the Stafford loan. Harper repeatedly remarked from the stand that he had to be careful about what he knows today and what he knew in June of 2015. From the Court's perspective, Harper's repeated statement illustrates how he could "subtly impart to the jury his first-hand knowledge of events without having to swear an oath or be subject to cross examination." Id. at 933.

Accordingly, for the reasons assigned in the Report and Recommendation of the Magistrate Judge previously filed herein, and having thoroughly reviewed the record, including the written objections, responses, and evidence presented at the evidentiary hearing;

---

[6] The Government acknowledges that "there is nothing that would preclude other members of the Harper Firm from participating as trial counsel as long as they were not involved with the transactions during the scheme to defraud." Record Document 224 at 13. The record is devoid of any evidence suggesting that Anne E. Wilkes was involved with the Stafford loan transaction or any other transaction during the scheme to defraud.

**IT IS ORDERED** that the Government's Motion to Disqualify Harper from Serving as an Advocate at Trial (Record Document 149) is **GRANTED**. Harper is disqualified from acting as trial counsel for deBerardinis. The Court adopts the Magistrate Judge's Report and Recommendation (Record Document 201) with two modifications: (1) the Court declines to adopt the Magistrate Judge's recommendation that Harper remains free to sit at counsel table during the trial; and (2) due to the pendency of the motion in limine regarding the admissibility of the defense's psychiatric evidence (Record Document 223), the Court is deciding the necessary and likely witness issue on the Stafford loan alone, not on Harper's knowledge regarding deBerardinis' mental health.

**IT IS FURTHER ORDERED** that the limited disqualification of Harper as trial advocate has no impact on Anne E. Wilkes' ability to represent deBerardinis in pretrial preparations, pretrial proceedings, and during trial.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this the 7th day of May, 2021.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT