**MINUTES [00:45]**
**MAY 14, 2021**
**CHIEF JUDGE S. MAURICE HICKS, JR.**
**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 18-00030-01 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| DAVID D. DEBERARDINIS (01) | MAGISTRATE JUDGE HORNSBY |

The Court held a telephone status conference in the above-captioned matter on May 14, 2021 at 4:00 p.m.  Alexander Van Hook, Cadesby Cooper, and Jessica Cassidy participated on behalf of the United States.  James Boren, Jerald Harper, and Anne Wilkes participated on behalf of the Defendant.

Pursuant to the collateral order doctrine, Mr. Harper and Ms. Wilkes indicated they would be filing a Notice of Appeal as to the Court's denial of the Motion to Withdraw as Counsel (Record Document 212).  All counsel agree the filing of the Notice of Appeal will divest the district court of jurisdiction until a determination is made of the merits of the appeal.  See U.S. v. Dunbar, 611 F.2d 985 (5th Cir. 1980); BancPass, Inc. v. Highway Toll Admin., L.L.C., 863 F.3d 391 (5th Cir. 2017).

For the reasons orally assigned, the Court **GRANTED** the Government's Motion to Exclude the Defendant's Psychiatric Evidence from Trial (Record Document 223).  The Court reasoned that the defendant's mental health defense was an illegal justification or excuse defense, all in violation of the Insanity Defense Reform Act of 1984.  Additionally, the defense offered no evidence as to Mr. deBerardinis' state of mind on the dates and times of the offenses set forth in the Superseding Indictment.  The defense objected to

the Court's oral ruling. A written ruling memorializing the Court's oral ruling will issue in due course.

The Court's oral ruling on the Government's Motion to Exclude the Defendant's Psychiatric Evidence from Trial (Record Document 223) mooted portions of the defense motion for Mr. deBerardinis to be declared indigent for costs (Record Document 250). More specifically, the defense request for Mr. deBerardinis to be declared indigent for the costs associated with retaining medical experts to opine on Mr. deBerardinis' mental health at the time of the offenses is **DENIED AS MOOT**. All other requests set forth in the motion remain pending before Magistrate Judge Hornsby.

Defense counsel indicated the Notice of Appeal pursuant to the collateral order doctrine should be filed on or about May 18, 2021. The Government stated it would seek expedited consideration of the appeal from the Fifth Circuit. All counsel seemed to agree that even if expedited consideration is granted, a minimum of thirty days would be needed to resolve the appeal. Accordingly, the Court **UPSET** the June 3, 2021 pretrial conference date and the July 6, 2021 jury trial date.[1] The jury trial is hereby **RESET** for **Tuesday, September 7, 2021** at **9:00 a.m.** The pretrial conference is **RESET** for **August 5, 2021** at **1:30 p.m.** Counsel are directed to contact the Court as soon as the Fifth Circuit renders its opinion as to the interlocutory appeal such that the Court can assess the status of the case in light of the Fifth Circuit's ruling.

---

[1] A delay resulting from an interlocutory appeal "shall be excluded . . . in computing the time within which the trial of [an] offense must commence." 18 U.S.C. 3161(h)(1)(C).