UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 18-00030-01 |
| VERSUS | CHIEF JUDGE S. MAURICE HICKS, JR. |
| DAVID D. DEBERARDINIS (01) | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court are the United States' Motion to Dismiss the Verified Claim of Carolyn Copeland (Record Document 345) and Motion to Dismiss the Verified Claim of Eleanor Kay deBerardinis (Record Document 347). The United States argues that such claims are untimely. See id. Claimants Carolyn Copeland and Eleanor Kay deBerardinis (hereinafter referred to as "Claimants") oppose the Motions to Dismiss on the ground of equitable tolling. See Record Documents 350 & 351. For the reasons set forth below, the Motions to Dismiss are **DENIED**.

On March 29, 2018, Defendant David D. DeBerardinis ("the Defendant") was charged in a thirteen-count superseding indictment with mail fraud, bank fraud, wire fraud, money laundering, and false statement to a bank. See Record Document 17. A forfeiture notice included in the superseding indictment advised that, upon conviction, the Defendant shall forfeit to the United States a money judgment, assets, vehicles, personal property, and real property. See id. The instant motions relate to the forfeiture of real property located at 300 Brookmeade Drive in Shreveport, Louisiana. See id.

On August 25, 2021, the Defendant pleaded guilty to count eight (wire fraud) of the superseding indictment, specifically agreeing to forfeit all right, title, and interest in the items listed in the forfeiture notice of the superseding indictment, including the real

property located at 300 Brookmeade Drive in Shreveport, Louisiana. See Record Document 309 at 5-9. On December 22, 2021, the United States filed a Motion for Issuance of Preliminary Order of Forfeiture. See Record Document 315. The Court granted the motion on December 28, 2021. See Record Document 316. The Preliminary Order of Forfeiture provided:

> [A]ny person, other than the defendant . . . , having or claiming a legal interest in the property must file a petition with the Court within thirty (30) days of the final publication of notice or receipt of actual notice, which is earlier. . . .
>
> All such claims and answers must be filed with the Office of the Clerk, United States District Court, Western District of Louisiana, 300 Fanning Street, Suite 1167, Shreveport, Louisiana 71101 with a copy thereof sent to Assistant United States Attorney Jessica D. Cassidy, 300 Fannin Street, Suite 3201, Shreveport, Louisiana 71101.

Id. at 4-5.

The United States followed the publication and notification procedures set forth in the Preliminary Order of Forfeiture. See Record Document 338. Such requirements included advising all third parties of their right to petition the court within thirty (30) days of the publication date for a hearing to adjudicate their alleged interest in the forfeited property. See Record Documents 316 and 338. Direct notice was also served upon Carolyn Copeland via certified mail, return receipt requested, on January 3, 2022. See Record Document 346. A certified mail return receipt was signed, returned, and received by the U.S. Attorney's Office on January 7, 2022. See id.

On April 6, 2022, the United States filed a Motion for Final Order of Forfeiture seeking to be vested with full right, title, and interest in a money judgment in the amount of $51,462,909.66 as well as the assets, vehicles, personal property, and real property described in the forfeiture notice of the superseding indictment. See Record Document

338. At that time, neither Carolyn Copeland nor Eleanor Kay deBerardinis had filed a claim with the Court.  On April 7, 2022, the United States was contacted by Attorney Katherine Gilmer who advised that she represented the Claimants.  See Record Documents 345 & 347 at 3.  Ms. Gilmer stated that she had filed petitions for remission on behalf of her two clients on February 3, 2022.  See id.  The petitions were filed via www.forfeiture.gov.  See id.

On April 8, 2022, Ms. Gilmer filed motions for leave to file petitions to assert claims to preliminarily forfeited property on behalf of Carolyn Copeland and Eleanor Kay DeBerardinis.  See Record Documents 339 & 340.  The Court granted leave and the Verified Claims of Carolyn Copeland and Eleanor Kay deBerardinis are now before the Court.  See Record Documents 341-344.  The United States seeks to dismiss such claims on the grounds of timeliness and Ms. Gilmer asserts equitable tolling on behalf of the Claimants.  See Record Documents 345, 347, & 350-351.

While the United States argues that the claims of Carolyn Copeland and Eleanor Kay deBerardinis should be dismissed as untimely because they were not asserted within 30 days from receipt of notice of the forfeited property, it recognizes "that time limitations are not jurisdictional and that at least one court has exercised the discretion to invoke the doctrine of equitable tolling."  Record Document 345-1 & 347-1 at 4, citing United States v. BCCI Holdings (Luxembourg) S.A. (Petition of Indosuez Bank), 916 F.Supp. 1276, 1284 (D.D.C. 1996) (court may "equitably toll" time for filing claim if claimant demonstrates due diligence).  After a review of the record, the Court finds that even though Ms. Gilmer filed the claims in the wrong venue in early February 2022, she

exercised due diligence in filing the claims via www.forfeiture.gov.  In response to the Motions to Dismiss, Ms. Gilmer explained:

> In the present case, Claimant[s] received timely notice of the forfeiture.  After receiving notice, [they] (through Undersigned Counsel) confirmed the date of filing of the public notice and the deadline to file a claim via www.forfeiture.gov.
> Undersigned counsel drafted all necessary claim documents and attempted to file the same through CM/ECF on or about February 2, 2022, but was unable to file electronically due to not being a party to the case. Further complicating the situation, Undersigned was unable to add parties to the case in order to file the claim. Looking for another available option to file the Claim, because Undersigned believed (erroneously) that the Western District of Louisiana would not accept paper filings from attorneys, Undersigned visited www.forfeiture.gov and found a link to file a claim there. Through Undersigned Counsel, Claimant filed a claim through www.forfeiture.gov within the filing deadline on February 2, 2022. Although this filing was not in the proper venue, it did include all statutorily required information for a proper claim.
> Undersigned Counsel subsequently received notice that the United States sought to finalize the forfeiture on April 7, 2022, and immediately contacted the U.S. Attorney's Office via telephone and made attempts to resolve the error. Claimant's claim was filed via e-mail to the Clerk of Court on April 8, 2022, one day after receiving actual notice of Undersigned Counsel's error in filing.

Record Documents 350 & 351 at 2-3.  Ms. Gilmer has also submitted documents dated February 3, 2022, bearing the Department of Justice's seal stating "Your Petition Has Been Filed," and providing a tracking number for both claims.  Record Documents 339-5 & 340-6.  Ms. Gilmer did not sit idle after receiving notice of the Preliminary Order of Forfeiture.  She filed the claims timely, but in the wrong venue.  The Court believes this is an instance where the doctrine of equitable tolling – although applied sparingly – should be employed "to soften the harsh result that would obtain from the strict application of a statute of limitations."  BCCI Holdings (Luxembourg) S.A. (Petition of Indosuez Bank), 916 F.Supp. at 1284.  The United States' Motion to Dismiss the Verified Claim of Carolyn Copeland (Record Document 345) and Motion to Dismiss the Verified

Claim of Eleanor Kay deBerardinis (Record Document 347) are **DENIED** and the verified claims of Carolyn Copeland and Eleanor Kay deBerardinis will be heard. The Court will contact counsel in due course to set a telephone status conference to discuss further scheduling relating to the verified claims.

    **IT IS SO ORDERED**.

    **THUS DONE AND SIGNED**, in Shreveport, Louisiana, this the 2nd day of June, 2022.

                                             S. MAURICE HICKS, JR., CHIEF JUDGE
                                                   UNITED STATES DISTRICT COURT