**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 18-00030-01 |
| VERSUS | CHIEF JUDGE S. MAURICE HICKS, JR. |
| DAVID D. DEBERARDINIS (01) | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Consolidated Motion for Partial Summary Judgment (Record Document 371) filed by the United States seeking partial summary judgment against Petitioners Eleanor Kay Copeland DeBerardinis ("Kay deBerardinis") and Carolyn Copeland (hereinafter sometimes referred to as "Petitioners").[1] More specifically, the United States seeks recognition of its right, title, and interest in 300 Brookmeade Drive in Shreveport, Louisiana up to $304,470.07. Petitioners opposed the motion, arguing the United States has no valid interest in 300 Brookmeade Drive. See Record Document 374. The United States replied. See Record Document 375. For the reasons set forth below, the Consolidated Motion for Partial Summary Judgment is **GRANTED**.

**BACKGROUND**[2]

David deBerardinis ("deBerardinis") was a Shreveport, Louisiana based executive who operated and managed numerous business entities to include Financial Resources, LLC and FR III Funding, LLC. deBerardinis represented himself to be a part of the

---

[1] Carolyn Copeland is the mother of Kay DeBerardinis.
[2] The United States submitted its Statement of Material Facts. See Record Document 371-2. In response, Petitioners did not contest any of the facts contained in the Statement of Material Facts and simply added that the property at issue was conveyed to Kay deBerardinis by her parents on November 14, 2001, as her separate property. See Record Document 374-1. The United States does not dispute that 300 Brookmeade Drive was conveyed to Kay deBerardinis as her separate property. See Record Document 375, n. 1. Thus, the facts relating to the instant motion are not in dispute.

petroleum industry involved in a complex fuel trading business. He told investors and financial institutions that he had a preferential trading arrangement with Alon USA Energy, Inc. ("Alon") that generated significant profits that would be used to repay the investors and financial institutions. deBerardinis knew, however, that he had no such arrangement with Alon.

deBerardinis solicited and caused others to solicit individual investors and financial institutions to provide funds for his purported business. One of the financial institutions that provided funding to him was PlainsCapital Bank in Texas. Between April 2014 and June 22, 2015, deBerardinis obtained a $29,500,000 loan from PlainsCapital Bank. The purpose of this funding was to expand his alleged fuel trading business. At the time that he obtained the funding, however, deBerardinis knew that he was not making fuel trades.

On June 23, 2015, deBerardinis caused a $15,089,450 wire transfer to be made from his "FR III Funding, LLC" account at PlainsCapital Bank to his "Financial Resources, LLC" account at Chase Bank. The next day, there was a $11,209,312 wire transfer from his "Financial Resources Account, LLC" account to his "David deBerardinis or Todd A. Muslow" account at Chase Bank. That same day, there was a $4,000,000 wire transfer from his "David deBerardinis or Todd A. Muslow" account at Chase Bank to his "David deBerardinis and Kay C. deBerardinis" account at Citizens National Bank.

Six days later, on June 30, 2015, deBerardinis sent an email to Brad Lepore at Citizens National Bank in Shreveport asking the bank to "please wire the balance to Wells Fargo to pay off Kay's house." Kay deBerardinis, his wife, was copied on the email. deBerardinis attached to his email a Wells Fargo Payoff statement showing the house in question was 300 Brookmeade Drive in Shreveport. That same day, Citizens National

Bank wired $304,470.17 from the "David deBerardinis and Kay C. deBerardinis" account to Wells Fargo Home Mortgage.

On June 23, 2016, PlainsCapital Bank sued deBerardinis and the other guarantors for defaulting on the $29,500,000 loan. The other guarantors filed a counterclaim against deBerardinis alleging that deBerardinis' business operations were fraudulent and that he diverted investors funds into his personal accounts, including "an account in the name of deBerardinis and his wife, Kay deBerardinis, at Citizens National Bank." Kay deBerardinis was subsequently named as a third-party defendant in the lawsuit.

On January 27, 2017, as part of a criminal investigation, the United States Secret Service obtained seizure warrants for deBerardinis' cars, sailboat, airplane, and funds in bank accounts controlled by him. On January 31, 2017, the Federal Bureau of Investigation executed a search warrant at 300 Brookmeade Drive. deBerardinis and Kay DeBerardinis were at the home when the search occurred. On February 6 and 13, 2017, Carolyn Copeland met with the FBI to discuss her investments with deBerardinis and Financial Resources.

On August 29, 2017, the United States of America in the Northern District of Texas filed a "Complaint for Forfeiture." In this civil in rem forfeiture action, the United States sought forfeiture of 300 Brookmeade Drive on grounds that the property was "derived from proceeds traceable to a violation, violations, or conspiracy to violate 18 U.S.C. §§ 1343 and 1344." The civil action was subsequently stayed until the conclusion of the criminal investigation of deBerardinis.

On September 6, 2017, Kay deBerardinis executed a Promissory Note in favor of Carolyn Copeland in the amount of $450,000. The Promissory Note was secured by an Act of Mortgage in favor of Carolyn Copeland against 300 Brookmeade Drive, which was

filed into the mortgage records that same day. Two days later, the United States filed a Notice of Lis Pendens giving notice of its intent to forfeit 300 Brookmeade Drive.

On March 29, 2018, deBerardinis was charged in thirteen-count Superseding Indictment with six counts of mail fraud, one count of bank fraud, four counts of wire fraud, one count of money laundering, and one count of false statement to a bank. The indictment included a forfeiture notice, wherein the United States gave notice of its intent to forfeit deBerardinis' right, title, and interest in a variety of property, including 300 Brookmeade Drive.

On August 25, 2021, deBerardinis pleaded guilty to wire fraud. As part of his plea, deBerardinis agreed to forfeit all right, title and interest in and to any monies, properties, and/or assets of any kind, derived from or acquired as a result of, or used to facilitate the commission of, or involved in the illegal activity to which the defendant is pleading guilty, including 300 Brookmeade Drive. He was sentenced to 180 months of imprisonment and three years of supervised released. deBerardinis was additionally ordered to pay $51,462,909.66 in restitution to 41 of his victims.

On December 28, 2021, the Court entered a Preliminary Order or Forfeiture ordering deBerardinis to forfeit his right, title, and interest in certain enumerated assets, including 300 Brookmeade Drive. On April 8, 2022, Kay deBerardinis filed a verified claim regarding 300 Brookmeade Drive. She stated that her interest in the property is that of owner. Carolyn Copeland also filed a verified claim to 300 Brookmeade Drive. She stated that she her interest in the property is that of a mortgage holder.

# LAW AND ANALYSIS

## I. Summary Judgment Standard

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if the record, taken as a whole, could lead a rational trier of fact to find for the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). When reviewing a motion for summary judgment, the court must view "all facts and inferences in the light most favorable to the non-moving party." Romero v. City of Grapevine, 888 F.3d 170, 175 (5th Cir. 2018) (quoting Dillon v. Rogers, 596 F.3d 260, 266 (5th Cir. 2010)). The Court will not "weigh evidence or make credibility findings." Renfroe v. Parker, 974 F.3d 594, 599 (5th Cir. 2020) (citation omitted). But the non-moving party "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" Turner v. Baylor Richardson Med. Ctr., 476 F.3d 337, 343 (5th Cir. 2007) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).

## II. Analysis

deBerardinis plead guilty to wire fraud. In imposing a sentencing on a person convicted of wire fraud, the Court "shall order that the person forfeit to the United States any property constituting, or derived from, proceeds the person obtained directly or indirectly as the result of such violation." 18 U.S.C. § 982(a)(2)(B). The forfeiture of such property shall be governed by 21 U.S.C. § 853. See 18 U.S.C. §982(b)(1).

Section 853(a) provides that a defendant such as deBerardinis "shall forfeit to the United States, irrespective of any provision of State law . . . any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of

such violation." 21 U.S.C. § 853(a). Pursuant to Section 853(c), "[a]ll right, title, and interest in [such] property . . . vests in the United States upon the commission of the act giving rise to forfeiture." 21 U.S.C. § 853(c). All parties agree to the application of the "relation back" principle set forth in Section 853(c).

Here, the parties do not dispute that on June 30, 2015, deBerardinis used $304,470.17 of fraudulently obtained funds gained from the PlainsCapital loan to pay off the home mortgage on 300 Brookmeade Drive. Thus, the Government argues that such property (or at least $304,470.17 of its total value) constitutes "any property derived from proceeds obtained directly as a result of" deBerardinis's crime of wire fraud. Record Document 371-1 at 6, citing 18 U.S.C. § 982(a)(2)(B). The United States contends that its right, title, and interest in 300 Brookmeade Drive vested on June 30, 2015. See id., citing 21 U.S.C. § 853(c).[3]

Conversely, Petitioners dispute that the actions of deBerardinis on June 30, 2015 gave him any interest in the property forfeitable to the Government. See Record Document 374 at 4. Specifically, Kay DeBerardinis argues she is not accused of nor has she been convicted of any crime which would justify forfeiture. See id. It appears Petitioners argue that since 300 Brookmeade Drive was the separate property of Kay deBerardinis, deBerardinis's "payment of the mortgage did not create *in him* any ownership interest in 300 Brookmeade Drive under Louisiana law." Id. at 5. Finally, Petitioners argue that "forcing the forfeiture of property belonging solely to the innocent

---

[3] The Government also argues that the fact that a civil forfeiture action was filed in the Northern District of Texas has no bearing on the criminal forfeiture action. See Record Document 371-1 at 6-7. Petitioners do not address this argument in their response. Thus, the Court treats it as a non-issue.

spouse of a convicted defendant when the statute allows for the substitution of property of the defendant in just such a circumstance[] is unreasonable." Id. at 7.

It is well settled that if a defendant uses criminal proceeds to purchase real property, the Government's interest in such proceeds extends to an interest in the real properly. In United States v. Pole No. 3172, Hopkinton, 852 F.2d 636 (1st Cir. 1988), the court explained:

> The government, however, tells us the property is forfeitable in any event because Fogarty has continued making mortgage payments over periods of time for which there are indications of drug dealing. *We agree that the interest acquired as a result of mortgage payments made with the proceeds of drug transactions should be forfeitable.* We do not believe, however, that forfeitability spreads like a disease from one infected mortgage payment to the entire interest in the property acquired prior to the payment. After all, only the actual proceeds of drug transactions are forfeitable. Unless section 881(a)(6) deprives persons accused of dealing drugs of the right to own any property, the existence of an undivided interest in a felon's property which constitutes proceeds cannot mean that his entire property is proceeds.
>
> It appears, therefore, that the government may have an *interest equal only to the portion of the property acquired by Fogarty as a result of mortgage payments* . . . .

Id. at 639 (emphasis added); see also United States v. Caspersen, 275 F. Supp. 3d 502, 504 (S.D.N.Y. 2017) ("When a mortgage for real property is paid using crime proceeds, the Government acquires an interest in that property. . . . Thus, the Government acquired an interest in the Apartment to the extent of the sum Mr. Caspersen used to pay off the Apartment's mortgage.").

United States v. Totaro, 345 F.3d 989 (8th Cir. 2003), is particularly instructive in this instance. In Totaro, a husband and wife purchased real property. See id. at 992. Later, the wife acquired full title to the property and subsequently obtained a mortgage on such property. See id. After the wife acquired title to the property, the husband began committing RICO crimes. See id. The husband funneled some of the RICO proceeds

into his wife's bank account and she used the funds to pay the mortgage on the property. See id. at 992-993, 994. The husband was then charged and convicted of various crime. See id. at 992. The jury specifically found that the property was acquired or maintained with criminal proceeds. See id. The district court entered a preliminary order of forfeiture and the wife and her father filed notices of claim of legal right, title, or interest in the property. See id. Their claims were denied by the district court. See id.

On appeal, the Eighth Circuit reasoned:

> We find [the wife's] bare title insufficient to prevent forfeiture . . . . When [the husband] began his RICO violations in 1984, the estate was encumbered with a considerable mortgage. It was the proceeds from [his] RICO violations, filtered through [his wife's] checking account, which paid the mortgage, real estate taxes and upkeep on the property. . . . "But for" the RICO proceeds, therefore, [the wife] would not hold title to the country estate. It would do a severe disservice to the intent and purpose of the RICO forfeiture statute if a criminal were able to protect and enjoy RICO proceeds by investing them in property titled to a spouse. . . . We will therefore not allow [the wife] to benefit from the blanket protection of title ownership. We hold [the wife's] bare title is insufficient to prevent forfeiture of the estate under the first clause of § 1963(l)(6)(A).

Id. at 996. The appellate court acknowledged the wife had proven she held sole title to the property under state law, but it was still to be determined how much of the "legal right, title or interest to the property" was hers. Id. 998. Her title alone could not resolve the question because much of the estate was paid for with criminal proceeds. See id. "State property law cannot trump the government's right to forfeiture of all [the husband/defendant's] interest. Because all of [the husband/defendant's] interest must be forfeited, the court will have to sort out how much was his and how much was hers." Id. at 999.

Here, Kay deBerardinis acquired 300 Brookmeade Drive as her separate property. However, the property was mortgaged and deBerardinis used $304,470.17 in crime proceeds to pay off the mortgage in 2015. But for the crime proceeds that deBerardinis

funneled into 300 Brookmeade Drive, Kay deBerardinis would have hold title to the property. Thus, this Court holds that the United States has an interest in the equity in 300 Brookmeade Drive equivalent to the crime proceeds used to pay off the mortgage.[4] The United States' Consolidated Motion for Partial Summary Judgment (Record Document 371) is **GRANTED**.

### CONCLUSION

Based on the foregoing analysis, the Court finds the United States has a right, title, and interest in 300 Brookmeade Drive such that it can seek partial forfeiture of the equity in the property in an amount equivalent to the criminal proceeds used to pay off the mortgage ($304,470.17). Thus, the United States' Consolidated Motion for Partial Summary Judgment (Record Document 371) is **GRANTED.**

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this the 25th day of October, 2022.

*[signature]*
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[4] The Government does not seek to forfeit any interest that Kay deBerardinis may have in 300 Brookmeade Drive. Rather, the Government seeks a partial forfeiture of real property, i.e., an order recognizing its interest in 300 Brookmeade Drive so that it can seek partial forfeiture of the equity in the property in an amount equivalent to the criminal proceeds used.